

# Fourth Court of Appeals
## San Antonio, Texas

**DISSENTING OPINION**

No. 04-21-00376-CR

Andell Brymonte **PITTMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR2518
Honorable Raymond Angelini, Judge Presiding[1]

Opinion by:     Luz Elena D. Chapa, Justice
Dissenting Opinion by: Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 9, 2023

I agree that no state emergency orders govern Pittman's right to be present during the sentencing phase of his trial. However, because I do not agree with the majority's holding that Pittman had to be "physically present in the courtroom" for his sentencing, I respectfully dissent.

**BACKGROUND**

Pittman was physically present in the courtroom during voir dire and the guilt-innocence phase of trial. The jury found him guilty as charged in the indictment, and Pittman elected to have

---

[1] Sitting by assignment.

the trial court assess punishment. The reporter's record from the sentencing hearing does not indicate the hearing was conducted via Zoom; however, both Pittman and the State agree on appeal that sentencing was conducted virtually; Pittman was present during the sentencing hearing; neither Pittman nor his attorney objected to the virtual proceeding; when Pittman was directly addressed during the hearing, he responded; and defense counsel cross-examined the four witnesses who testified. Additionally, there is nothing in the record to suggest Pittman requested to be physically present in the courtroom or that the trial court refused to make accommodations to have Pittman physically present in the courtroom.

Pittman raises the following three issues on appeal: (1) both judgments should be vacated on jurisdictional grounds and the matter remanded to the trial court for sentencing in open court with him physically present; (2) the indictment, on its face, violated state and federal double jeopardy principles, and (3) the judgments do not award all the pre-sentence time credit to which he is entitled. Because I believe the trial court had jurisdiction, I address all three issues.

### WAS PITTMAN "PRESENT" DURING THE SENTENCING PHASE OF TRIAL

Pittman phrases his first issue as follows: whether the remote proceeding below sufficed to show that he—"a person afflicted with both intellectual disability and Schizoaffective disorder"—was "present" for purposes of Texas Code of Criminal Procedure Article 42.03, which requires that, "[e]xcept as provided in Article 42.14, sentence shall be pronounced in the defendant's presence." TEX. CODE CRIM. PROC. art. 42.03, § 1(a). Pittman does not provide any authoritative argument that his disability or medical diagnosis prevented his "presence"; therefore, I consider only whether a defendant must be physically present in the courtroom[2] before the trial court may

---

[2] For the purpose of this opinion, use of the term "in the courtroom" refers to a traditional courtroom and not a virtual courtroom.

conduct a sentencing hearing and pronounce sentence under the circumstances presented in this case.

The majority relies on *Lira v. State*, 666 S.W.3d 498 (Tex. Crim. App. 2023), for its holding that a defendant must be physically present in open court for sentencing. I agree with the *Lira* decision and will rely on various propositions outlined by the *Lira* Court. However, I believe *Lira* can and should be factually distinguished from our case because *Lira* involved a plea bargain during the guilt-innocence phase of trial, there was an objection to the proceeding, and the case did not involve sentencing. In *Lira*, two appellants reached plea agreements with the State and their cases were set for back-to-back pleas via a "zoom/video-conference plea docket." *Id.* at 503. Before the hearing, defense counsel filed identical motions objecting to the trial court setting the cases for plea hearings via a Zoom videoconference. Appellants argued that pleading by videoconference would violate their constitutional right to counsel, right to public trial, and statutory rights under Articles 27.18 and 27.19 of the Texas Code of Criminal Procedure. The State responded that the use of Zoom videoconference technology during the hearings would not affect the appellants' ability to consult with counsel; intrude on confidential communications between appellants and their attorneys; or restrict the public's access to the proceeding. The State argued that Emergency Orders issued by the Supreme Court of Texas controlled over the Code of Criminal Procedure. On the day of the videoconference, the trial court heard arguments regarding the appellants' motions and overruled them. On appeal, the Court of Criminal Appeals phrased the appellate question as whether "the Texas Supreme Court's 'Seventeenth Emergency Order Regarding the COVID-19 State of Disaster' authorize[d] a trial court to conduct a plea proceeding via videoconference despite the lack of a defendant's written consent?" *Id.* at 505. To answer this question, the Court examined the constitutional and statutory protections afforded during the guilt-innocence phase of trial.

The Court first noted that the United States Supreme Court "recognized that the right to be present in the courtroom at every stage of trial is guaranteed by the Confrontation Clause of the Sixth Amendment." *Id.* at 511.[3]  The Court also noted this right was "based in the Due Process Clauses of the Fifth and Fourteenth Amendments and applies at any stage of the criminal proceeding that is critical to its outcome, 'if the defendant's presence would contribute to the fairness of the procedure.'" *Id.* (citation omitted).  The Court held that a "plea proceeding is a stage at which a defendant's presence is critical to the outcome." *Id.*  The Court stated the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers were all rights that "remain in place prior to a plea of guilty, and, therefore, a defendant necessarily has a right to be present at the plea hearing as part of his right to confront his accusers and his due process right to be present at any stage of the criminal proceeding." *Id.*  Finally, the Court noted that "'[o]ne of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom during his trial.'" *Id.*  (citation omitted).

With these constitutional protections in mind, the *Lira* Court turned to Texas statutes governing a defendant's presence during the guilt-innocence phase of trial, observing that "[t]he legislature created an entire statutory scheme to accommodate a defendant who desired to waive his right to jury other than 'in person.'" *Id*. at 516 (citing to TEX. CODE CRIM. PROC. arts. 1.13(a), 27.19(a), and 27.18(a)).  The Court noted, the Texas Legislature "has made clear that a trial court simply lacks authority to *enter a felony conviction* unless a defendant appears *in person and in open court* to enter his plea and validly waives his rights." *Id.* at 512 (emphasis added).  The Court cited to Code of Criminal Procedure Article 27.13, which provides as follows:

---

[3] Citing to *Illinois v. Allen*, 397 U.S. 337, 343 (1970), which "explicitly [held] that a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.").

A plea of "guilty" or a plea of "nolo contendere" in a felony case must be made *in open court by the defendant in person*; and the proceedings shall be as provided in Articles 26.13, 26.14 and 27.02. If the plea is before the judge alone, same may be made in the same manner as is provided for by Articles 1.13 and 1.15.

TEX. CODE CRIM. PROC. art. 27.13 (emphasis added).

Turning to other statutory provisions, the Court noted, "article 33.03 sets out that a defendant must be personally present in all felony cases as well as any misdemeanor cases in which any part of the punishment includes imprisonment in jail." 666 S.W.3d at 512-13 ("the statutory language in Article 33.03 further supports the conclusion that a defendant has a substantive right to personal presence that must be waived before a trial court is authorized to proceed remotely"). Finally, the Court pointed to other provisions of the Code of Criminal Procedure that also "contain[] separate references to 'in person' status versus appearance via electronic means in non-plea contexts, demonstrating that the legislature's use of the statutory phrase 'in person' does not include an appearance by electronic means." *Id.* (citing to Articles 15.03(c), 15.17(a), 17.292(j), 43.03(f), 45.0201, 45.046(c), and 63.004(b)). Given "the legislature's obvious textual determinations," the Court concluded it could not "read references to a defendant's 'in person' status as anything other than a substantive guarantee of personal presence prior to pleading." *Id.* at 513. "Given this backdrop," the Court agreed with the court of appeals "that a defendant has at least a substantive statutory right to appear *in person in open court for a guilty plea hearing*." *Id.* (emphasis added). In addition to a defendant's "substantive right to be present in order to waive his rights and enter his plea,' the Court concluded "the Code of Criminal Procedure also requires a defendant's personal presence as a procedural requirement for the trial court's authority to proceed without a jury." *Id.* at 514 ("The default proceeding for resolution of a criminal charge is trial by jury.") (citing to TEX. CONST. art. I, § 15).

The Court held:

> As set out above, our legislature, made clear that a trial court simply lacks authority to enter a felony conviction unless a defendant appears in person and waives his rights in full compliance with the statutes that set out the conditions for a valid waiver. Article 1.15 requires that a defendant who wants to shift from the baseline of a trial by jury must waive his right to a jury "*in open court in person*." If this waiver of right to trial by jury is made in order to plead 'guilty' or 'nolo contendre,' the legislature mandates that the plea be made "*in open court by the defendant in person*". Both statutes establish a statutory requirement that the defendant be present *in person and in open court*.

*Id.* (emphasis added).

The Court concluded

> the trial court was not authorized to proceed without a jury because the written consent requirement of Article 27.18(a)(1) was not met. This is because the lack of consent to the videoconference led to Article 27.18 not being met, which in turn led to Article 27.19 not being met, which, combined with the lack of in-person presence, led to Article 1.13(a) not being met. Article 1.13(a) not being met, in turn, resulted in the only valid factfinder being a jury under Article 1.15 and the only valid plea being in person before a jury under Article 27.13.

*Id.* at 517-18.

I believe *Lira* stands for the proposition that a defendant has the right to be physically present in the courtroom for the guilt-innocence phase of trial including any hearings on a plea agreement unless the defendant affirmatively waives that right. I agree with this proposition because this phase entails more than entry of a plea agreement. *See Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009) ("The only proper role of the trial court in the plea-bargain process is advising the defendant whether it will 'follow or reject' the bargain between the state and the defendant."); TEX. CODE CRIM. PROC. art. 26.13(a)(2) (providing in relevant part that "the court shall inquire as to the existence of a plea bargain agreement between the state and the defendant and, if an agreement exists, the court shall inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea").

As part of a plea agreement process, the defendant forfeits constitutional rights, including the right to a jury trial and the right to confront witnesses. *Bitterman v. State*, 180 S.W.3d 139, 141 (Tex. Crim. App. 2005) ("When a defendant enters into a plea bargain, he waives a number of fundamental constitutional rights, including a trial by jury, the right to confront one's accusers, the right to present witnesses in one's defense, the right to remain silent, and the right to be convicted only by proof beyond a reasonable doubt."); *Hawkins v. State*, No. 01-20-00657-CR, 2021 WL 5903991, at *2 (Tex. App.—Houston [1st Dist.] Dec. 14, 2021, no pet.) (mem. op., not designated for publication) ("A guilty plea is a 'serious and sobering occasion' because it constitutes a waiver of fundamental rights guaranteed by the United States Constitution: the right to a jury trial, to confront one's accusers, to present witnesses in one's defense, to remain silent, and to be convicted by proof beyond all reasonable doubt."). It is the waiver of constitutional rights, not the entry of the plea agreement, that makes this a critical stage.

I do not believe the *Lira* holding controls the sentencing phase of trial because sentencing was not before the Court and, more importantly, because sentencing is uniquely different. In the sentencing phase, the defendant is still afforded his constitutional rights and the trial court continues to have the duty to preserve those rights, however, the defendant already knows if there has been a finding of guilt or a conviction. And although there may be additional evidence, during the sentencing phase, many times what remains is the imposition of any fines, conditions, and/or incarceration by the trial court. With these distinctions in mind and in the context of this case, we must—as *Lira* did in the context of the guilt-innocence phase—examine the constitutional and statutory protections afforded during the sentencing phase of trial.

"[T]he right to be sentenced legally is an absolute or waivable-only right." *Burg v. State*, 592 S.W.3d 444, 449 (Tex. Crim. App. 2020). "Due process requires trial judges to be neutral and detached hearing officers in assessing punishment." *Cumbie v. State*, No. 12-21-00161-CR, 2022

WL 2374642, at *3 (Tex. App.—Tyler June 30, 2022) (mem. op., not designated for publication).

"[A] defendant has an absolute and nonwaiveable right to be sentenced within the proper range of punishment established by the Legislature." *Speth v. State*, 6 S.W.3d 530, 532-33 (Tex. Crim. App. 1999). On the other hand, the Confrontation Clause[4] may not be applicable to all aspects of a sentencing hearing. *See Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010) (citing *Crawford v. Washington*, 541 U.S. 36 (2004) (acknowledging federal circuit courts do not apply *Crawford* to a sentencing hearing and holding that when a PSI is used in a non-capital case in which the defendant has elected to have the trial court determine sentencing, there is no violation of a defendant's Sixth Amendment right to confrontation). With these constitutional protections in mind, I turn next to the statutes governing sentencing.

"Two statutory schemes, located in Chapters 33 and 42 of the code of criminal procedure, control punishment proceedings and sentencing pronouncement and frame [the] analysis below." *Tates v. State*, No. 13-20-00280-CR, __ S.W.3d __, 2023 WL 3633492, at *5 (Tex. App.—Corpus Christi–Edinburg May 25, 2023, no pet. h.) (mem. op.). Article 33.03 provides the general rule for a defendant's presence at trial:

> In all prosecutions for felonies, the defendant must be *personally present* at the trial, and he must likewise *be present* in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary

---

[4] The Confrontation Clause of the Sixth Amendment to the Constitution of the United States provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Crawford v. Washington*, the Supreme Court held that the Sixth Amendment confrontation right applies not only to in-court testimony, but also to out-of-court statements that are testimonial in nature. 541 U.S. 36, 51 (2004). Consistent with the Confrontation Clause guarantee, a testimonial hearsay statement may be admitted in evidence against a defendant "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59. "[T]he *Crawford* rule reflects the Framers' preferred mechanism (cross-examination) for ensuring that inaccurate out-of-court testimonial statements are not used to convict an accused." *Whorton v. Bockting*, 549 U.S. 406, 418 (2007) (parenthetical material in original).

that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.

TEX. CODE CRIM. PROC. art. 33.03 (emphasis added).

Article 42.03 provides, in relevant part, as follows: "[e]xcept as provided in Article 42.14, sentence shall be pronounced *in the defendant's presence*." *Id.* art. 42.03 § 1(a) (emphasis added); *see also Larez v. State*, No. 2-01-421-CR, 2003 WL 253614, at *1 (Tex. App.—Fort Worth Feb. 6, 2003, no pet.) (mem. op., not designated for publication) ("trial court may not pronounce sentence on a felony defendant in absentia") (citing to Article 42.03, section 1(a)).

As relevant here, Article 42.14 provides as follows:

(b) In a felony case, the judgment and sentence may be rendered *in the absence of the defendant* only if:
    (1) the defendant is confined in a penal institution;
    (2) the defendant is not charged with a felony offense:
        (A) that is listed in Article 42A.054(a); or
        (B) for which it is alleged that:
        (i) a deadly weapon was used or exhibited during the commission of the offense or during immediate flight from the commission of the offense; and
        (ii) the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited;
    (3) the defendant in writing before the appropriate court having jurisdiction in the county in which the penal institution is located:
        (A) waives the right to be present at the rendering of the judgment and sentence or to have counsel present;
        (B) affirms that the defendant does not have anything to say as to why the sentence should not be pronounced and that there is no reason to prevent the sentence under Article 42.07;
        (C) states that the defendant has entered into a written plea agreement with the attorney representing the state in the prosecution of the case; and
        (D) requests the court to pronounce sentence in the case in accordance with the plea agreement;
    (4) the defendant and the attorney representing the state in the prosecution of the case have entered into a written plea agreement that is made a part of the record in the case; and
    (5) sentence is pronounced in accordance with the plea agreement.
(c) A judgment and sentence may be rendered under this article *in the absence of the defendant* only after the defendant is notified by the court of original jurisdiction

of the right to counsel and the defendant requests counsel or waives the right to counsel in accordance with Article 1.051.

. . . .

*Id.* art. 42.14(b)-(c) (emphasis added).

Thus, Article 42.14 governs when sentence may be assessed in a defendant's "absence," and Articles 33.03 and 42.03 "mandate a defendant's presence during punishment proceedings: 'the defendant must be personally present at the trial' . . . and 'sentence shall be pronounced in the defendant's presence.'" *Tates*, 2023 WL 3633492, at *5 (citations omitted). The *Tates* court held, "references to the defendant's 'presence' in Articles 33.03 and 42.03 denote an in-person requirement." *Tates*, 2023 WL 3633492, at *5.[5] However, neither Article 33.03 nor Article 42.14 define when a defendant is "present" or "appearing in person" for sentencing purposes.

The Legislature has provided guidance on when a defendant may be "absent" from a sentencing hearing. *See* TEX. CODE CRIM. PROC. art. 42.14. However, we are without guidance on a defendant's "presence" during a sentencing hearing. Therefore, the question here is narrowed to whether the statutory requirement of a defendant's presence equates to a requirement that the defendant be *physically present in the courtroom* for purposes of sentencing.

"When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation." *Lira*, 666 S.W.3d at 505-06. "In so doing, we necessarily focus our attention on the plain text of the statutes and attempt to discern the fair, objective

---

[5] The *Tates* court, on facts similar to those presented here, held that, "[l]ike the defendant in *Lira*, Tates was not physically present for sentencing proceedings, and thus, his remote presence was tantamount to being absent under the controlling provisions" and the "record contain[ed] no articulated decision from Tates or actions by Tates tending to indicate that his absence was voluntary." *Id.* at *7. The court concluded that "[b]ecause Tates was not present for sentencing in a manner recognized or permitted by the code and the record does not support the existence of a waiver pursuant to either Articles 33.03 or 42.14, . . . the trial court abrogated Tates's substantive statutory right to be present at his punishment and sentencing, and the facts of this case warrant the same result as in *Lira*." *Id.* The court remanded for a new sentencing hearing. I do not find *Tates* persuasive because that court did not engage in any statutory construction of the word "presence" as used in the sentencing statutes, focused instead on the definition of "voluntary as used in the statute governing a defendant's absence, and merely followed *Lira*, which provided no guidance on sentencing.

meaning of the text at the time of its enactment." *Id.* "Our duty is to try to interpret the work of our legislature as best we can to fully effectuate the goals they set out." *Id.* "In interpreting the text of statutes, we presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Id.* "We do not focus solely upon a discrete provision; we look at other statutory provisions as well to harmonize provisions and avoid conflicts." *Id.* "When interpreting statutes, we presume the Legislature chose the statute's language with care, purposefully choosing each word, while purposefully omitting words not chosen." *In re Commitment of Bluitt*, 605 S.W.3d 199, 203 (Tex. 2020).

The word "presence" is not defined in the Code of Criminal Procedure. "Words that are not statutorily defined are to be given their usual meaning and no specific instructions are required . . . ." *Martinez v. State*, 924 S.W.2d 693, 698 (Tex. Crim. App. 1996). "The commonly understood meaning of 'presence' is 'the fact or state of being present.'" *Butler v. State*, No. 14-00-01186-CR, 2003 WL 253296, at *7 (Tex. App.—Houston [14th Dist.] Feb. 6, 2003, no pet.) (citing Webster's II New Riverside Dictionary (1996)) (not designated for publication); *Harper v. State*, No. 05-95-00953-CR, 1997 WL 446246, at *5 (Tex. App.—Dallas June 30, 1997, no pet.) (not designated for publication) ("Presence is defined as: the fact or condition of being present; the state of being in one place and not elsewhere; the condition of being within sight or call, at hand, or in a place being thought of; the fact of being in company, attendance, or association; the state of being in front of or in the same place as someone or something.") (citing Webster's Third New International Dictionary 1793 (1993)).

Both the Texas Code of Criminal Procedure and caselaw require that, in a felony case, the defendant be "present" during the sentencing phase and that sentence must be pronounced in the "presence" of the defendant and the State. *State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011); *Venegas v. State*, 560 S.W.3d 337, 354 (Tex. App.—San Antonio 2018, no pet.) ("For a

trial court to orally pronounce one sentence to a defendant's face and then, outside the defendant's presence, sign a written judgment embodying a different and more severe sentence violates constitutional due process and fair notice."); *see* TEX. CODE CRIM. PROC. arts. 33.03 and 42.03 § 1(a)). "The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are *physically present at the sentencing hearing* and able to hear and respond to the imposition of sentence." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (emphasis added); *see also State v. Aguilera*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005) ("The re-sentencing must be done in the presence of the defendant, his attorney, and counsel for the state.").

Unlike the statutes examined by the *Lira* Court, none of the statutes governing sentencing require a defendant to be physically present *in the courtroom* during the punishment phase of trial. I believe the Legislature intentionally omitted any reference to "in person," "in open court," or "in the courtroom" when enacting the statutes governing sentencing. These statutes speak only in terms of the defendant being *present*. For example, Code of Criminal Procedure Article 33.03 requires that "[i]n all prosecutions for felonies, the defendant must be *personally present* at the trial, and he must likewise *be present* in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail . . . ." TEX. CODE CRIM. PROC. art. 33.03 (emphasis added). In contrast, Article 42.03 requires that "sentence shall be pronounced in the defendant's *presence*." *Id.* art. 42.03 § 1(a) (emphasis added). On appeal, Pittman does not contend he was denied any constitutional rights. Pittman was present at the sentencing hearing and for the pronouncement of his sentence, he was represented by counsel at the sentencing hearing, and counsel cross-examined the four witnesses who testified at the hearing. Article 42.07 requires that, "[b]efore pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." *Id.* art. 42.07. Pittman was not deprived of the opportunity to say

why the sentence should not be pronounced against him or similarly deprived of the ability to hear and respond to the imposition of his sentence.

As stated above, we must presume the Legislature has used "every word . . . for a purpose" and "the Legislature chose the statute's language with care, purposefully choosing each word, while purposefully omitting words not chosen." *Lira*, 666 S.W.3d at 505-06; *Bluitt*, 605 S.W.3d at 203. Relying on the Legislature's choice of language in the statutes examined in *Lira*, the Court noted "the heavy legislative emphasis, throughout the Code of Criminal Procedure, on the defendant's 'in person' rather than consented-to videoconferenced presence." The Court stated:

> . . . In fact, the requirement that a defendant's waiver of a jury trial be made "in person" is the first in a long list of requirements that "must" be satisfied for there to be a valid jury waiver. [footnote omitted] In addition, the base line requirements of a defendant being "in person" and "in open court" are repeated three separate times in three separate mandatory and interrelated statutes. [footnote omitted] And any departure from this requirement is specifically addressed by two additional heavily-detailed and consent-centric statutes. [footnote omitted] To read the "in person" requirement as anything other than a legislatively-created block to the trial court's authority to proceed would be to essentially nullify Articles 27.19 and 27.18.

*Lira*, 666 S.W.3d at 517.

Although I acknowledge the punishment phase is a critical stage of trial, I do not believe the Legislature placed the same "heavy emphasis" "on the defendant's 'in person' rather than consented-to videoconferenced presence" during the sentencing phase. *Id.* I also recognize the Legislature could not have foreseen the significant and irreversible changes as a result of the global pandemic. However, I regard the Legislature's deliberate omission of any language requiring a defendant to be physically present *in the courtroom* during any portion of the sentencing phase as indicating the Legislature was purposeful in its intent that a sentencing hearing and the pronouncement of sentence may be done virtually—so long as the defendant is physically present.

If this was not the legislative intent, then it is imperative that the Legislature reconcile the language and place the same emphasis on the sentencing phase as it has on the guilt-innocence phase.

Therefore, I conclude that neither constitutional concerns nor Texas statutes require a defendant to be physically present in the courtroom when a sentencing hearing is conducted or when sentence is pronounced. *See Harper*, 1997 WL 446246, at *5 (Tex. App.—Dallas June 30, 1997, no pet.) (concluding definition of presence "encompasse[d] appellant's confinement, with the accompanying speaker system, in the court's holding cell" when court pronounced sentence). Accordingly, I would hold that because Pittman was "present" during the virtual sentencing hearing and when sentence was pronounced the trial court was not without jurisdiction. [6]

## THE INDICTMENT

In his second issue, Pittman asserts the indictment on its face violates state and federal double jeopardy principles because he has been twice punished for the same offense. Pittman was indicted on two counts. Count I alleged that (1) "on or about the 13th Day of October, 2015, [Pittman] did intentionally and knowingly enter a habitation, with intent to commit an assault, without the effective consent of Courtney Bates, the owner"; and (2) "on or about the 13th Day of October, 2015, [Pittman] did intentionally and knowingly enter a habitation, and therein attempted to commit and committed an assault against Courtney Bates, without the effective consent of Courtney Bates, the owner." Count II alleged that "on or about the 13th Day of October, 2015, [Pittman] did intentionally and knowingly enter a habitation, with intent to commit theft, without the effective consent of Courtney Bates, the owner"; and (2) on or about the 13th Day of October, 2015, [Pittman] did intentionally and knowingly enter a habitation, and therein attempted to

---

[6] Although construction of the statutes governing sentencing compels me to this conclusion, my dissenting opinion should not be construed as holding that constitutional concerns can never be raised when a jury is the fact-finder for sentencing and the jury is present in the courtroom but the defendant is not.

commit and committed theft, without the effective consent of Courtney Bates, the owner." On appeal, Pittman contends the State improperly indicted him for both (1) burglary with intent to commit assault or an attempted or actual assault and (2) burglary with intent to commit theft or an attempted or actual theft. Therefore, Pittman contends he has been punished twice for the same offense.

The State waived Count II of the indictment and proceeded only on Count I. As a result, the jury was instructed as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of October, 2015, in Bexar County, Texas, [Pittman] did intentionally or knowingly enter a habitation, with intent to commit an assault, without the effective consent of Courtney Bates, the owner;

> Or, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of October, 2015, in Bexar County, Texas, [Pittman] did intentionally or knowingly enter a habitation, and therein attempted to commit or committed an assault against Courtney Bates, without the effective consent of Courtney Bates, the owner;

> Then you will find the defendant guilty of burglary of a habitation as charged in the indictment.

The jury found Pittman "guilty of burglary as charged in the indictment." The trial court signed a single judgment[7] referencing only Count I ("Charging Instrument: COUNT I PARAGRAPH A&B OF THE INDICTMENT") stating Pittman was convicted of burglary of a habitation with intent to commit assault and that sentence be assessed at "20 YRS TDCJ-ID AND A FINE OF $ 0.00 IMPRISONMENT (INSTITUTIONAL DIVISION)." On this record, I conclude only a single punishment was assessed and, therefore, double jeopardy was not violated.

---

[7] The clerk's record contains two judgments that are identical.

## PRE-SENTENCE TIME CREDIT

In his final issue, Pittman contends he received credit for the time he spent in Bexar County Jail awaiting trial, but he did not receive credit for the time he spent in a mental health or residential care facility. At the end of the sentencing hearing, the trial court acknowledged Pittman's right to receive credit for time spent in a mental health facility.

"In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent:"

> (1) in jail for the case, including confinement served as described by Article 46B.009 and excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court;
>
> (2) in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under Section 493.009, Government Code, or another court-ordered residential program or facility as a condition of deferred adjudication community supervision granted in the case if the defendant successfully completes the treatment program at that facility; or
>
> (3) confined in a mental health facility or residential care facility as described by Article 46B.009.

TEX. CODE CRIM. PROC. art. 42.03, § 2.

The record on appeal does not reflect how much time credit Pittman should receive. Because the trial court was required to grant Pittman pre-sentence time credit when sentence was pronounced, I would reverse the judgment to the extent it fails to award credit for any period of time Pittman was "confined in a mental health facility or residential care facility" and remand the cause to the trial court to determine the amount of back time credit required by Article 42.03, if any, and reform the judgment accordingly. *See Merlan v. State*, No. 05-15-00827-CR, 2016 WL 6462396, at *4 (Tex. App.—Dallas Oct. 31, 2016, no pet.) (mem. op., not designated for publication) (same); *Largher v. State*, No. 05-14-00440-CR, 2015 WL 6781933, at *4 (Tex. App.—Dallas Nov. 6, 2015, no pet.) (mem. op., not designated for publication) ("Because the

record is insufficient for this Court to reform the judgment, we reverse and remand to the trial court for determination of the amount of back time credit required by Texas Code Criminal Procedure Article 42.03, section 2(a)(1) and to reform the judgment accordingly.").

## CONCLUSION

A defendant's constitutional rights are of the utmost importance, and Pittman was afforded those rights. Absent additional guidance from the Legislature (or the Court of Criminal Appeals), with these facts and on this record, I would hold Pittman was present for his sentencing and was properly sentenced. As to Pittman's other issues, I conclude only a single punishment was assessed and, therefore, double jeopardy was not violated. However, I would reverse the judgment to the extent it fails to award credit for any period of time Pittman was "confined in a mental health facility or residential care facility" and remand the cause to the trial court to determine the amount of back time credit required by Article 42.03 and reform the judgment accordingly.

Lori I. Valenzuela, Justice

PUBLISH